IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RYAN RHODES,**

        **Plaintiff,**

v.                                                                                    Civil Action No. 5:19cv335
                                                                                      (Judge Bailey)

**UNITED STATES OF AMERICA**

        **Defendant.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On December 23, 2019, the plaintiff initiated this case by filing a *pro se* complaint pursuant to the Federal Tort Claims Act ("FTCA"). This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2, and 28 U.S.C. §§ 1915(e) and 1915(A).

### II. THE COMPLAINT

The plaintiff's complaint involves events he alleges occurred at FCI Gilmer on February 18, 2018. More specifically, he alleges that at approximately 8:03 am, he was assaulted by Officer Charles Jarvis, who struck him with a closed fist multiple times in the head and face. In addition, he alleges that at approximately 8:20 am, he was placed in a holding cell where correctional officer began removing his clothes and then about seven officers knocked him to the floor and applied excessive force. He further alleges that one officer placed his hands around his throat and he "was stopped from

1

being able to breath I was killed." ECF No. 1-1 at p. 2 (errors in original). He maintains that he was taken to Health Services and was unconscious, pulseless and "carotid apneic." He maintains that an emergency code-resuscitation was called. Finally, he alleges that when he arrived at Stonewall Jackson Memorial Hospital, he was diagnosed with a closed head injury, contusion of his right shoulder and a facial contusion. For what he alleges are violations of BOP policy, he seeks $1,000,000.

The plaintiff indicates that he did not file an SF-95, but instead filed a BP-9 on September 26, 2019. ECF No. 1-1 at p. 4. He completed a BP-10, or Regional Appeal on November 6, 2019. On it he wrote: "This notice shall serve pursuant to the Federal Tort Claim Act that you are put on notice of my intent to sue for just and fair equitable monetary damages and the bonds covering the performance of every officer mention in the 583 report incident #Gil-18-0049 2-15-18-8:03AM. I also wish for all staff names that handles this grievance." ECF No. 1-1 at p. 5. The BP-10 was rejected November 21, 2019 because the plaintiff did not provide a copy of the DHO report he wished to appeal or identify the charges and date of the DHO action. The plaintiff was advised that he could resubmit his appeal in proper form within ten days of the date of the rejection. Id. at p. 7. The plaintiff provides no indication that he refiled his BP-10 or that he filed a BP-11 with the Office of General Counsel.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a

judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke, 490 U.S. at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Because the plaintiff is proceeding *pro se*, this Court is required to liberally construe his complaint. Erickson v. Pardus, 551 U.S. 89 *2007). Moreover, *pro se* complaints are held to a less stringent standard than those drafted by attorneys. Id.; Gordeon v. Leeke, 574 F.2d 1147 (4th Cir. 1978), and federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Highes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 45 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 511 U.S. at 93 (citing Bell v. Atlantic Corp.

---

[1] Id. at 327.

v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); See also Ashcraft v. Iqbal, 556 U.S. 662 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993) or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

The United States enjoys sovereign immunity except to the extent that Congress has waived such immunity.  The FTCA provides a limited waiver of sovereign immunity for "money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment . . . ."  28 U.S.C. § 2675(a). Section 2674 of the Act further provides as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674.

In order to maintain a case against the United States under the FTCA, the plaintiff must demonstrate that his action is permissible under the FTCA and satisfies the necessary elements of a tort claim under state law. It is a jurisdictional requirement that the plaintiff in such a case file and exhaust an administrative claim prior to filing suit. See 28 U.S.C. § 2675; see also Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993); Dupont v. United States, 980 F. Supp. 192, 195 (S.D. W. Va. 1997); Johnson v. United States, 906 F. Supp. 1100 (S.D. W. Va. 1995); McCoy v. U.S.P.S., 890 F. Supp. 529, 531-32 (S.D. W. Va. 1995); Hurt v. United States, 889 F. Supp. 248, 252 (S.D. W. Va. 1995).

The first step in the FTCA process is an administrative filing under 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or admission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of the claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. 2675(a). Under 28 U.S.C. 2401, the claim must be filed within two years of the occurrence.

The BOP has adopted a Program Statement which explains, clearly and in detail, the procedure by which inmates may recover monetary damages for personal injuries sustained while in custody. Program Statement 1320.06 ("Federal Tort Claims Act"),

Paragraph 7 ("Filing a Claim") describes the procedure for obtaining a Standard Form ("SF-95") and filing a claim. Among the items required on the SF-95 is a "sum certain" (i.e., a specific amount of money). This information is mandatory, as the United States Court of Appeals for the Fourth Circuit explained in Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000) (citations omitted):

> An administrative claim must be properly presented. The FTCA's implementing regulations consider a claim to be properly presented when the government receives a completed SF 95 (or other written notification of an incident), and "a claim for money damages in a sum certain …" 28 CFR § 14.2(a) (1999) (emphasis added); see also 39 CFR § 912.5(a) (1999). Requesting a sum certain is a necessary element of any FTCA administrative claim. Failure to request a sum certain within the statute of limitation deprives a district court of jurisdiction over a subsequently filed FTCA suit.
>
> Because the FTCA is a waiver of sovereign immunity, careful compliance with procedural requirements -- such as filing of the administrative claim—is not only mandatory but is also a "jurisdictional and may not be waived." Henderson v. United States, 785 Fed second 121, 123 (4th Cir. 1986); see also Kielwein v. United States, 540 F.2d 676, 679 (4th Cir. 1976). Consequently, this court lacks jurisdiction to hear an FTCA claim in the instant action because it is clear on the face of his pleading, that the plaintiff has not complied with the strict provisions of the FTCA requiring that an administrative claim first be filed with the appropriate Federal agency before commencement of a civil action in the district court. See 28 CFR § 14.2; and the 'SF-95.'

In the instant case, the plaintiff did not file an SF-95. Moreover, even if the Court were to construe the plaintiff's BP-10 as an appropriate written notification of the incident to the BOP, it does not contain a request for a sum certain which is a necessary element of any FTCA administrative claim. The undersigned recognizes that the plaintiff is a pro se litigant, however his ignorance of the requirements of properly exhausting his administrative remedy for purposes of the FTCA is not a defense to dismissal. See Adeleke v. United States, 355 F.3d 144, 153 (2d Cir. 2004) (citing 28 U.S.C. § 2675(a))

("a plaintiff must first file an administrative claim with the appropriate federal agency before suing for relief in federal court" and "this requirement applies equally to litigants with counsel as to those proceeding pro se.")

## IV.    RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint under the FTCA be **DISMISSED WITHOUT PREJUDICE** because he failed to properly exhaust his administrative claim thereby depriving this Court of jurisdiction. It is further recommended that the plaintiff's Motion to Proceed *in forma pauperis* [ECF No. 2] and Motion for Extension of Time to Serve Complaint [ECF No. 9] be **DENIED AS MOOT.**

Within fourteen (14) days after being served with a copy of this report and recommendation, the plaintiff may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: April 16, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE